UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARTIN S. GRANOFF, AS TRUSTEE                    CIVIL ACTION
OF THE GRANOFF ACQUISITION
TRUST                                             NO. 20-1909

VERSUS                                            SECTION M (4)

BUOYANCE, INC., *ET AL.*

## ORDER & REASONS

Before the Court is a motion by defendants Buoyance, Inc. ("Bouyance"), Cecil Roebuck,

Lydia J. Breighner, Float Nola, LLC f/k/a Flot Nola, LLC ("Float Nola"), IC Float-Con LLC

f/k/a IT Float-Con, LLC ("IC Float-Con"), The Float Conference, LLC ("TFC"), Reset, LLC

("Reset"), The Roebuck Institute, LLC ("TRI"), Breighner Institute, LLC ("BI"), and

International Therapeutic Floatation Conference, LLC ("ITFC") (collectively, "Defendants") to

dismiss pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

Plaintiff Martin S. Granoff, as trustee of the Granoff Acquisition Trust ("Granoff"), responds in

opposition,[2] and Defendants reply in further support of their motion.[3]   Having considered the

parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons.

Defendants argue that this case should be dismissed under Rule 12(b)(3) for improper

venue because a mandatory forum-selection clause in the contract between Buoyance and

Granoff selects the state courts sitting in Cabarrus County, North Carolina, as the exclusive

venue for any disputes arising between the parties.[4]   In opposition, Granoff contends that, under

*Atlantic Marine Construction Co. v. U.S. District Court*, 571 U.S. 49, 60 (2013), a forum-

---

[1] R. Doc. 22.
[2] R. Doc. 29.
[3] R. Doc. 33.
[4] R. Doc. 22-1 at 3.

selection clause pointing to a state or foreign forum is properly enforced through the doctrine of *forum non conveniens*.[5]  Granoff's *forum non conveniens* argument, which includes a choice-of-law analysis, explains why the forum-selection clause may not be enforceable under North Carolina law.[6]

Defendants' motion to enforce the forum-selection clause must be denied at this time because it is argued under the improper standard, *i.e.*, Rule 12(b)(3) rather than *forum non conveniens.*  In their reply memorandum, Defendants argue that federal law, not North Carolina law, applies to determine whether the forum-selection clause is mandatory.  But the Court cannot consider any new arguments concerning *forum non conveniens* raised for the first time in the reply memorandum.  *See Hollis v. Lynch* 827 F.3d 436, 451 (5th Cir. 2016) (citation omitted) ("Reply briefs cannot be used to raise new arguments.").  Thus, Defendants' motion qua a Rule 12(b)(3) motion, which is predicated on the incorrect standard, must be denied.  However, in response to Granoff's amended complaint, Defendants may re-urge their position on the forum-selection clause using a *forum non conveniens* analysis.

With respect to their Rule 12(b)(6) motion, Defendants argue that if their Rule 12(b)(3) motion is denied, this Court should dismiss the following claims:

A.   All claims against IC Float-Con, TFC, Reset, TRI, BI, and ITFC because Granoff did not adequately plead the single-business-enterprise theory or any substantive claims against these entities;[7]

B.   All claims for conversion, unfair trade practices, and tortious interference because they are prescribed under Louisiana law;[8]

C.   Claims of fiduciary duty and for breach of fiduciary duty because there are no facts pleaded to support such claims;[9]

---

[5] R. Doc. 29 at 3-16.
[6] *Id.*
[7] R. Doc. 22-1 at 4-6.
[8] *Id.* at 6-9.
[9] *Id.* at 9-10.

D.     Claims for bad faith breach of contract against Breighner and Roebuck because they were not parties to a contract with Granoff;[10]

E.     The unjust-enrichment claim because it cannot be pleaded in the alternative to a breach-of-contract claim;[11] and

F.     Claims for rescission for fraud against Buoyance, Roebuck, and Beighner and for fraudulent conveyance / revocatory action against Buoyance because the allegations of such claims are impermissibly vague.[12]

In response, Granoff seeks leave to amend the complaint to allege more fully the single-business-enterprise theory.[13]   Granoff also argues that its claims for conversion, unfair trade practices, and tortious interference are not prescribed under the law of Louisiana, Florida, or North Carolina, any of which, Granoff argues, may apply to this action.[14]   Granoff agrees to voluntarily dismiss the breach-of-fiduciary-duty and bad-faith breach-of-contract claims against Roebuck and Breighner, and the revocatory-action claim against Buoyance[15]   Finally, Granoff requests leave to amend to allege fraud more fully.[16]

Considering the state of the motion and Granoff's request for leave to file an amended complaint,

IT IS ORDERED that Defendants' motion to dismiss is DENIED as to dismissing for improper venue under Rule 12(b)(3), but without prejudice to Defendants' right to re-urge their arguments under the *forum non conveniens* doctrine in a motion to dismiss directed to Granoff's amended complaint, once filed.

---

[10] *Id.* at 10.

[11] *Id.* at 11.

[12] *Id.* at 12-13.

[13] R. Doc. 29 at 16-17.

[14] *Id.* 17-22.  Defendants concede this argument in their reply memorandum.  R. Doc. 33 at 7.

[15] R. Doc. 29 at 22-25.  Granoff does not address Defendants' argument regarding the unjust-enrichment claim.  Thus, any opposition is deemed waived, and the unjust-enrichment claim is DISMISSED.

[16] *Id.* at 24-25.

IT IS FURTHER ORDERED that Defendants' motion to dismiss under Rule 12(b)(6) is GRANTED as to Granoff's claims for unjust enrichment, breach of fiduciary duty, and bad faith breach of contract against Robeuck and Breighner, and the revocatory action against Buoyance, and those claims are DISMISSED.

IT IS FURTHER ORDERED that Defendants' Rule 12(b)(6) motion is otherwise DENIED, but without prejudice to Defendants' right to re-urge their arguments in a motion to dismiss directed to Granoff's amended complaint, once filed.

IT IS FURTHER ORDERED that Granoff is granted leave to file an amended complaint within fourteen (14) days of the date of this Order & Reasons.  Thereafter, Defendants may file a motion to dismiss directed at the claims alleged in the amended complaint.

New Orleans, Louisiana, this 2nd day of November, 2020.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE